FILED IN CHAMBERS
U.S.D.C. Rome

NOV 15 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDREW ANDERSON,

       Plaintiff,

       v.

J.M. OWENS,

       Defendant.

CIVIL ACTION

NO. 1:07-CV-2194-RLV

O R D E R

This action was filed in the State Court of Cobb County, Georgia, but was subsequently removed to this court by the defendant because the complaint apparently alleges, among other things, a federal cause of action for discrimination. Pending before the court is the defendant's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement [Doc. No. 3].

The defendant moves this court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must state enough facts that, taken as true, plausibly support a claim for relief. <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964-65 (2007). The Supreme Court has explained that while detailed factual allegations are not necessary to sufficiently state a claim under

the liberal pleading standard of Rule 8, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.  Id.  (internal quotations and citations omitted).  In determining whether this complaint is sufficient to survive the defendant's motion, this court has been mindful of the plaintiff's pro se status and has considered the motion with an abundance of leniency in his favor.

Even so, the plaintiff's complaint is a sixty-three page document containing random, rambling, and often incoherent statements generally complaining of discrimination by certain employees of a McDonald's restaurant franchise owned by the defendant.  The entire complaint is apparently based on at least a few instances where the plaintiff, presumably an African-American male, patronized a McDonald's restaurant and was subject to racist remarks and attitudes by Caucasian employees.[1]

After complaining generally about the injustices suffered by African-Americans historically, the plaintiff's only attempt to state a factual allegation of discrimination against him is regarding two instances on April 24, 2005, and December 9, 2005, at

---

[1] As a basis for his claims, the plaintiff also complains of discriminatory treatment by employees of a Mrs. Winner's restaurant.  However, that is not a franchise owned by the defendant and thus cannot support any claim against him.

2

a McDonald's restaurant on Windy Hill Road. In both instances, the extent of the plaintiff's factual allegations is that the store employees told him to leave the store and that he was subject to a manager's "very nasty attitude." [Compl. 17.] The complaint further alleges negligent hiring, nuisance, and criminal defamation based on these events.

However, nowhere in the complaint does the plaintiff cite a particular statute creating a cause of action with respect to these particular instances. Thus, there is no legal standard by which to apply his factual allegations, even assuming they are true. His general arguments about the evils of racism and wrongdoing by "discriminating white managers," [Compl. 9], are nothing more than conclusory allegations and labels, which are themselves insufficient to support his claims.

While the plaintiff does point to two occurrences of alleged discrimination, he does not allege any specific facts that would plausibly give the defendant fair notice of the claims against him. He alleges that the defendant's employees were discriminatory, but he does not allege how their actions resulted in the defendant's receiving less favorable treatment than similarly situated African-American patrons or how they otherwise subjected the plaintiff to intentional disparate treatment because of his race. Without these

key factual allegations of discrimination, the plaintiff's complaint cannot survive. See <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1271-72 (11th Cir. 2004). Therefore, the court concludes that the complaint is insufficient to state a plausible claim for relief.

**CONCLUSION**

For the foregoing reasons, the defendant's Motion to Dismiss [Doc. No. 3] is GRANTED.

SO ORDERED, this 15TH day of November, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge